

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JOHN RAYMOND HOY, a/k/a Johnny Hoy, a/k/a John Raymond Hoy d/b/a White Pin,<br>    Debtor-Appellant,<br><br>vs.<br><br>GEORGE ATKESON and MEADE ATKESON,<br>    Creditors-Appellees,<br><br>vs.<br><br>ROBERT F. ANDERSON, Chapter 7 Trustee,<br>    Chapter 7 Trustee-Appellee. | CIVIL ACTION NO. 3:15-04860-MGL |

**MEMORANDUM OPINION AND ORDER
AFFIRMING THE DECISION OF THE BANKRUPTCY COURT**

## I.  INTRODUCTION

This is a bankruptcy appeal. The Court reviews this appeal pursuant to 28 U.S.C. § 158(a)(1) and Rule 8001(a) of the Federal Rules of Bankruptcy Procedure. Having carefully considered the briefs, the record, and the applicable law, it is the judgment of the Court that the decision by the Bankruptcy Court will be affirmed.

## II.    FACTUAL AND PROCEDURAL HISTORY

The facts in this appeal are substantially undisputed. On May 18, 2010, the Master-in-Equity for Charleston County, South Carolina, awarded Appellees George Atkeson and Meade Atkeson (the Atkesons) a judgment (Judgment) against Appellant John Raymond Hoy (Debtor) in the amount of $1,102,335 for breach of contract and breach of contract accompanied by a fraudulent act. On August 3, 2010, a Transcript of Judgment was filed in Lexington County, South Carolina, where Debtor resides.

In May 2011, Gene Hoy, Debtor's uncle, deeded thirty-eight parcels of real estate located in Oscoda County, Michigan, to White Pine, LLC. Thereafter, Gene Hoy discovered that the name White Pine, LLC, was unavailable at the Office of the Michigan Secretary of State. Thus, he consequently formed White Pin, LLC, and filed its Articles of Organization on September 22, 2011. However, no one ever corrected the title information for the thirty-eight parcels of real estate to change the ownership to White Pin, LLC.

On May 22, 2013, Gene Hoy executed a durable Power of Attorney, giving Debtor power of attorney to act on his behalf. Debtor retained Michigan counsel who, at the direction of Gene Hoy, created the Gene Hoy Living Trust (Trust). Upon Gene Hoy's death on June 8, 2013, Debtor became the sole trustee and sole beneficiary of the Trust. Debtor then began exercising complete dominion and control over all the Michigan real properties that remained titled in the name of White Pine, LLC, without recognizing any corporate formalities, including selling the same and personally using the proceeds.

In May 2014, the Atkesons domesticated the Judgment in Michigan, and a Michigan court issued a Notice of Judgment Lien that it recorded with the Oscoda County Michigan Register of

Deeds on August 22, 2014. Upon the motion of the Atkesons in an effort to collect on the Judgment, the Michigan court entered an Order Appointing Receiver on August 20, 2014. The Receiver Order appointed Anthony J. Caputo as the Receiver and gave him authority over all assets of Debtor including any property owned by the Trust, White Pin, LLC, or White Pine, LLC. The Receiver Order further granted the Receiver the authority to market and sell the property, subject to providing a credit to the Atkesons in an amount up to the amount of the Atkesons' protective advances plus Debtor's indebtedness to the Atkesons.

Thereafter, upon Debtor's challenge of jurisdiction, the Michigan court entered an order on September 8, 2014, finding that it had personal jurisdiction over Debtor and that the terms of the Receiver Order should continue. Debtor, represented by Michigan counsel, failed to appeal the Receiver Order. Thus, the Michigan Receiver began selling the Michigan real properties in accordance with and pursuant to the Receiver Order.

On December 4, 2014, Debtor filed a voluntary petition for Chapter 11 relief, and the name of Debtor listed on the petition is "John Raymond Hoy d/b/a/ White Pin." As of the petition date, the balance of the Atkesons' Judgment plus accrued judgment rate of interest was approximately $1,500,000. Debtor has failed to make any pre- or post-petition payments toward the Judgment. On February 19, 2015, the Bankruptcy Court entered an order converting Debtor's case to one under Chapter 7. The Bankruptcy Court also appointed Robert F. Anderson as the Chapter 7 Trustee. Debtor's schedules indicate his liabilities far exceed his assets.

Pursuant to 11 U.S.C. § 362, Debtor's voluntary petition operated as an automatic stay of the Atkesons' attempts to collect on their Judgment. On May 27, 2015, the Atkesons filed an Amended Motion for Relief from Stay (Stay Motion), requesting they be allowed to proceed with

their state court rights as to the Michigan Receivership estate and the twenty-three remaining parcels of Michigan real property, of which now only seven remain.  This relief from the automatic stay would allow the Receiver to move forward in Michigan and liquidate the Michigan properties for their benefit as set forth in the Receiver Order.  The Atkesons subsequently filed a motion seeking approval of a proposed agreement of the Atkesons, the Chapter 7 Trustee, and the Receiver resolving the Stay Motion.  The agreement provided that the Chapter 7 Trustee agreed to the lifting of the automatic stay to allow the continuation of the Receiver Order, and set out that, after deduction of certain compromised costs and expenses and with a limitation of future expenses by agreement, the bankruptcy estate would receive twenty percent of the proceeds of the net receivership distributions.

The Bankruptcy Court conducted a contested hearing on September 25, 2015, after due notice, during which the Bankruptcy Court received documentary evidence and testimony to consider and evaluate the basis, terms, and effect of the proposed agreement between the Chapter 7 Trustee, the Michigan Receiver, and the Atkesons.  The Chapter 7 Trustee testified that the agreement is in the best interests of the estate because it would cost the estate a substantial sum to manage and liquidate the Michigan properties on its own, due to the location and condition of the Michigan properties, the risks and costs associated with pursuit of or control of those properties, and the anticipated costs of litigation to realize funds for the estate.  The Chapter 7 Trustee attested that any amount realized was "found money" without the associated risks and costs.  Debtor failed to present any evidence to contradict the Chapter 7 Trustee's opinion or to indicate that a different path might result in a higher return to creditors.

The Bankruptcy Court approved the agreement of the parties finding the Settlement Agreement fair and equitable and within the Chapter 7 Trustee's sound business judgment.

Thereafter, Debtor filed a Federal Rule of Civil Procedure 60(b)(6) Motion to Set Aside the Judgments citing most of the same arguments raised in this appeal, including advancing new arguments not raised at the initial hearing before the Bankruptcy Court. The Bankruptcy Court denied the Motion and this appeal followed.

On April 21, 2015, the Office of the United States Trustee (U.S. Trustee) filed a complaint to deny Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), (2)(B), and (4)(A) citing a litany of false statements and/or omissions by Debtor on his schedules and in his testimony at the Meeting of Creditors, Second Meeting of Creditors, and Rule 2004 Examination under Oath. On May 19, 2015, the Atkesons also brought an adversary proceeding to determine the dischargeability of the judgment for breach of contract accompanied by a fraudulent act pursuant to 11 U.S.C. §§ 523(a)(2), (4), and (6). On November 20, 2015, Debtor voluntarily waived his discharge, in essence, consenting to and mooting the discharge actions of the U.S. Trustee and the Atkesons.

### III.     STANDARD OF REVIEW

The United States District Court refers matters arising under Title 11 of the United States Code to the Bankruptcy Court pursuant to 28 U.S.C. § 157. Local Rule 83.IX.01, D.S.C. Final orders of the Bankruptcy Court are appealable to the District Court. 28 U.S.C. § 158. The Bankruptcy Court's findings of fact are reviewed under a "clearly erroneous" standard, *In re K & L Lakeland, Inc.*, 128 F.3d 203, 206 (4th Cir. 1997), and its conclusions of law are subject to *de novo* review, *In re Biondo*, 180 F.3d 126, 130 (4th Cir. 1999). Additionally, the Bankruptcy Court's decisions to lift the automatic stay or to approve settlements are reviewed for abuse of discretion.

*In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992); *In re Beaulac*, 294 B.R. 815, 818 (B.A.P. 1st Cir. 2003).

## IV.     ISSUES ON APPEAL

### A.     Debtor

Debtor frames the issues on appeal as follows:

1. Did the Court err in granting relief from the automatic stay to an unsecured creditor?

2. Was it improper for the Court to grant relief from the automatic stay to George Atkeson and Meade Atkeson when the effect of the relief altered the distribution to creditors under the bankruptcy code by elevating payment to an unsecured creditor over payment to priority and secured creditors?

3. If the agreement between the Chapter 7 trustee and the Atkesons resulted in a sale of the Debtor's assets, did the Court err by not requiring that notice be provided pursuant to Local Rule 6004-1, which notice would have notified creditors and parties in interest of the right to appear and offer a higher bid?

4. Was it improper for the Bankruptcy Court to approve an agreement that resulted in a sale of real estate titled in the name of a Limited Liability Company in which the Debtor is the sole member of the limited liability company?

5. Did the Court err in failing to find that the Order relied upon by the Chapter 7 trustee and the Atkesons was not a final Order?

### B.     The Atkesons

The Atkesons recast the issues on appeal in the following manner:

1. Whether the Debtor has standing to appeal approval of the Settlement Agreement granting relief from stay?

2. Whether the Bankruptcy Court abused its discretion in approving the Settlement Agreement granting relief from stay?

      3.       Whether appropriate notice of the Settlement Agreement was given to creditors and parties in interest pursuant to the bankruptcy code?

      4.       Whether the Bankruptcy Court was required to find that the Michigan Order was a final order and relied upon such finding in approving the Settlement Agreement?

      5.       Whether the Debtor's Appeal is moot because the Debtor did not obtain a stay execution of the judgment of the Bankruptcy Court?

## V.    DISCUSSION AND ANALYSIS

As threshold matter, the Court must determine whether Debtor has standing to bring this appeal. If a debtor lacks standing, this Court is divested of jurisdiction to hear the appeal because standing is a jurisdictional requirement of Article III courts. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986). Additionally, standing "may be raised as an issue at any time." *Sioux Falls Cable Television v. South Dakota*, 838 F.2d 249, 251 (8th Cir. 1988).

Generally, in a Chapter 7 bankruptcy proceeding, the Chapter 7 trustee alone has standing to raise issues before the bankruptcy court and to bring appeals, as the trustee is the representative of the bankruptcy estate and has the capacity to sue or be sued. *In re Richman*, 104 F.3d 654, 657 (4th Cir. 1997); 11 U.S.C. § 323. "Once appointed, the trustee becomes the estate's 'proper party in interest, and the only party with standing to appeal the bankruptcy court's order.'" *Richman*, 104 F.3d at 657 (quoting *In re Eisen*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994)).

The general rule in the Fourth Circuit is that a Chapter 7 debtor has standing only if he can demonstrate that he has a "pecuniary interest in the distribution of his assets among his creditors." *Willemain v. Kivitz*, 764 F.2d 1019, 1022 (4th Cir. 1985). To establish a pecuniary interest, a debtor must show a reasonable probability of a surplus distribution after all creditors' claims have been satisfied. *See id.* (citing *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 706-07 (8th Cir. 1979)). Because

7

an insolvent debtor does not stand to receive any funds from the administration of his estate, he has no pecuniary interest in such administration and therefore lacks standing to object to a trustee's proposed actions. *See id.* at 1022-23 (holding that the Chapter 7 debtor lacked standing to bring the appeal because he lacked a pecuniary interest in the administration of his estate, as his liabilities greatly exceeded his assets).

Here, Debtor's debts far exceed his assets, as he is insolvent with non-dischargeable debts of more than $3.8 million and primary assets that are the subject of this appeal, currently worth approximately $250,000. Notably, Debtor has waived any dischargeability of his debt to the Atkesons —approximately $1,500,000—and of his debt to the Internal Revenue Service, which holds a tax lien of over $2.3 million. Where, as here, the creditors are all non-dischargeable and Debtor's debts grossly exceed his assets, Debtor has no pecuniary interest in the outcome of this appeal, and he thus lacks standing to pursue this appeal. Consequently, this Court is divested of its jurisdiction to hear this appeal.

Given that this holding is dispositive of the case, the Court need not address the parties' remaining arguments.

## VI.   CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that the decision of the Bankruptcy Court is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 6th day of June, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE